IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL LONDON, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO.: 5:07-CV-313 (HL) |
| VS. | : | |
| | : | |
| THURBERT BAKER, State Attorney General, GEORGIA DEPARTMENT OF CORRECTIONS | : : : | |
| | : | |
| Defendants | : | |
| | : | **ORDER** |

Plaintiff **MICHAEL LONDON**, an inmate at the Coffee Correctional Facility in Nicholls, Georgia, has filed a *pro se* "Emergency Order to Show Cause and Temporary Restraining Order."[1] Plaintiff has not paid the required $350.00 filing fee; nor has he requested to proceed *in forma pauperis*. However, because he has not paid the filing fee, the Court will assume that he wishes to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

---

[1] Plaintiff shows himself and Gilbert Ramirez as plaintiffs. Mr. Ramirez has not signed the complaint. The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. Rather, each prisoner is required to file his or her own lawsuit. ***Hubbard v. Haley***, 262 F.3d 1194 (11th Cir. 2001).

The Eleventh Circuit has concluded that §1915(g) does not violate the following: the doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff has filed numerous civil actions in federal courts in the State of Georgia while incarcerated. At present, at least four of these complaints have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *London v. Baker*, 1:05-cv-2531 (CC) (N.D. Ga. Oct. 20, 2005); *London v. Baker*, 5:04-cv-50 (WTM) (S.D. Ga. Sept. 16, 2004); *London v. Battle*, 5:00-cv-102 (WDO) (M.D. Ga. September 1, 2000); and *London v. Leager*, 1:99-cv-2695 (CC) (N.D. Ga. November 10, 1999).

Because plaintiff has had four prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing. Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[2]

**SO ORDERED**, this 20th day of AUGUST, 2007.

> s/  Hugh Lawson
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

lnb

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Ciruit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.